**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50553**

| | |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>ANDRIUS JULIUS KANTAS,<br><br>        Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  February 7, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County.  Hon. Kiley Stuchlik, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of four years year, for domestic battery and unified sentence of five years, with a minimum period of incarceration of four years, for unlawful possession of a weapon by a felon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge
and LORELLO, Judge

---

PER CURIAM

Andrius Julius Kantas pled guilty to battery-domestic violence inflicting traumatic injury, Idaho Code § 18-918(2)(a), and unlawful possession of a weapon by a felon, I.C. § 18-3316(1). In exchange for his guilty pleas, additional charges were dismissed.  The district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years year, for domestic battery and a unified sentence of five years, with a minimum period of incarceration of four years, for unlawful possession of a weapon by a felon.  The sentences were ordered to run consecutively.  Kantas appeals, contending that his sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Kantas's judgment of conviction and sentences are affirmed.